CHRISTOPHER, &c
*vs*
BLACKFORD.

The judgment of the Circuit Court is affirmed with costs.

*Husbands* for appellants: *Owsley* for appellees.

## Christopher *et al.* *vs* Blackford.

ERROR TO THE JESSAMINE CIRCUIT.

*Vendor and vendee. Judgment creditor. Lien.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

Case 62.

*April* 20.

IT seems to this Court that the decree of the Circuit Court was improvident and should be reversed, because it directed an immediate and unconditional sale of the lots, without allowing a reasonable time for paying the debt.

The bill sought the enforcement of an equitable lien, claimed by *Blackford* as vendor against *James McCabe* as vendee of the lots, for the unpaid consideration, and alleging that *Hugh T. McCabe* and *Joseph C. Christopher* were in possession of the lots, under a mortgage to them from *James McCabe,* posterior of course to the sale by *Blackford,* made those mortgagees, as well as the said *James,* defendants. The mortgagees failed to answer the bill, because, as we must presume, they could not contest the validity and priority of *Blackford's* lien, as sought to be enforced. The returns on the executions issued on *Blackford's* judgments, for the consideration, *after the date of the mortgage,* could not have entitled him to a decree as against the mortgagees under our statute authorizing the subjection, by bill in equity, of *choses* in action and equitable rights upon a return of *nulla bona* on a *fieri facias.*

And therefore, so far as the mortgagees were concerned, *Blackford* was entitled to a decree only on the ground of his prior equitable lien. And it has been decided by this Court to be erroneous to decree the sale of property, for enforcing a lien, without previously giving, by inter-

*The case stated.*

It is error to decree a sale, peremptorily, of land, to satisfy the lien of vendor for balance of purchase money—the decree should be *nisi.*

locutory order, a day for paying the debt: *Martin* vs *Wade's ex'ors.*　(5 *Monroe*, 80;)　*Jones* vs *Froman*, (6 *Ib.* 129.)

A vendor having a judgment and return of *nulla bona* for part of the consideration of land sold, cannot thereon subject the land, (against mortgagees,) it must be sold under his lien as vendor, and the decree should be *nisi*.

Although, therefore, *Blackford* might have been entitled, under the statute, to a decree against his judgment debtor, for selling his equity without any such decretal monition previously given, yet, as he could have been entitled to a decree against the mortgagees upon no other ground than his equitable lien as vendor, the Circuit Judge seems to have erred, so far as they are concerned, in decreeing the peremptory sale of the lots without a *nisi* decree giving day for paying the amount of *Blackford's* judgment against *James McCabe.*

For this error alone, this Court perceiving no other, the decree of the Circuit Court is reversed and the cause remanded.

*J. T. & P. C. Morehead* for plaintiffs: *Owsley* for defendant.